## BOUDREAU *v.* BERGERON.

Where a party sold to plaintiff a tract of land acquired from a third person, supposed to contain a certain quantity, and plaintiff afterwards re-sold, by public act, to his vendor a certain number of acres of this land, and the latter sold that quantity to defendant, and it is subsequently ascertained that the tract originally sold to plaintiff did not contain the quantity it was supposed to do, plaintiff cannot hold all the land that he would be entitled to, if there had been no deficiency. Whatever secret equities may exist between plaintiff and his vendor, the former cannot claim the benefit of them against a subsequent purchaser in good faith. Having placed on the public records the title on the faith of which defendant purchased, he must bear the consequences of having presented the rights of his vendor in a false aspect.

APPEAL from the District Court of Lafourche Interior, *Burk*, J. J. C. *Beatty*, for the plaintiff. *W. Hall*, for the defendant. The judgment of the court was pronounced by

ROST, J. This is a petitory action. *Bourgeois* conveyed a tract of land to *Part*, who sold it to the plaintiff by two separate acts of sale, the first sale being for one arpent front, with the ordinary depth, and the second for the remainder of the land acquired from *Bourgeois*, supposed to contain one and three-fourths of an arpent front. Afterwards the plaintiff sold by public act to his vendor one and one-fourth of an arpent front of the same land, commencing

4b 83
47 53

4b 83
48 1164
49 140
49 877

4 83
Case 2
106 689

4 83
Case 2
115 866

BOUDREAU
v.
BERGERON.

at the upper line. *Part* sold this land to the defendant, also by a public act. It has been ascertained by a survey, that there is not two and three-fourths arpents front in the whole tract, as was supposed by the plaintiff, and he now contends that he is entitled to all he would receive, if there was no deficiency, deducting therefrom one and one-fourth of an arpent retroceded to *Part*, and that *Part*, or his vendor, can only take the remainder. The defence is a general denial, and an averment of title, under the sale from *Part*. There was judgment in favor of the plaintiff, and the defendant appealed.

The District Court appears to have considered the case as if the vendor of the plaintiff was himself the defendant in the suit. This is an error. Whatever secret equities may exist between *Part* and the plaintiff, the latter cannot claim the benefit of them against a subsequent purchaser in good faith. He has created, and placed upon the public records, the title on the faith of which the defendant has acquired. He must bear the consequences of having presented the rights of *Part* in a false aspect to the public. *Richardson* v. *Hyams*, 1 An. 286.

It is, therefore, ordered that the judgment in this case be reversed, and that there be judgment in favor of the defendant, with costs in both courts.